UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cr-00094-TWP-TAB-4 |
| COREY POSEY, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING GOVERNMENT'S MOTION
FOR A SUPPLEMENTAL JURY QUESTIONNAIRE**

This matter is before the Court on the Government's Motion for a Supplemental Jury Questionnaire (Filing No. 326). The Court, having reviewed the Motion and Defendant Corey Posey's ("Posey") Objection to the Government's Motion for a Supplemental Juror Questionnaire (Filing No. 330), finds that a Supplemental Questionnaire is not necessary to ensure selection of a fair and impartial jury, nor will it promote judicial efficiency. For the reasons explained below, the **motion is denied**.

**I. DISCUSSION**

This case involves allegations that Posey, an officer with the Muncie (Indiana) Police Department, wrote a false police report to cover up the admittedly egregious and unlawful use of force by another officer who has now pled guilty. Posey was charged in a Superseding Indictment with Count 4: False Report; with along with three other Defendants, some of whom were charged with unlawful use of force and more pervasive police misconduct. (Filing No. 64). However, Posey was severed and proceeds to trial alone. (Filing No. 232). In granting Posey's Motion to Sever and For Separate trial, the court noted:

> There are no allegations in the Superseding Indictment of a common plan, a common scheme, or a conspiracy. The six incidents in which MPD officers used excessive force and/or wrote false reports about those uses of force are each a separate, unrelated, and distinct incident. While each of the offenses are of a similar character, they do not arise from the same act or transaction or the same series of acts or transactions constituting an offense, so joinder of Posey as a co-Defendant under Rule 8(b) was not proper.

*Id*. at 6.  Posey is scheduled for trial on June 21, 2023.

The Government requests that the Court issue to potential jurors a short supplemental jury questionnaire focused on the sensitive and polarizing issue of police misconduct and corruption. (Filing No. 326.)  The Government points out that "[t]he issue of police misconduct has been the topic of fierce national debate that has intensified in recent years in the wake of several high-profile incidents that sparked waves of public protest and calls for police reform" and "the supplemental jury questionnaire will provide an efficient and reliable tool for eliciting the information needed to select an impartial jury in a matter like this one." *Id.* at 1-2.

Posey opposes the proposed questionnaire arguing the Government injects issues that are wholly irrelevant to his trial.  Posey argues that a fair reading of the Government's proposal could lead a juror, weeks before trial is set to begin, to assume that this matter is centered on issues of police brutality, or other broader "police misconduct" claims. (Filing No. 330.)  Posey contends the Government's proposed questionnaire interjects irrelevant and prejudicial issues into his trial, and interjecting these unrelated issues carries a risk of prejudice that cannot be quantified.  *Id*. While Posey concedes that "federal courts have increasingly used written questionnaires to more reliably filter out potential jurors who are biased for or against law enforcement officers to select an impartial jury…," he points out that none of the cases cited by the Government involve a matter where a court has issued a questionnaire over a parties' objection. *Id*. at 5.

2

Federal Rule of Criminal Procedure 24 vests in district courts broad discretion to control the nature and extent of the examination of potential jurors. Fed. R. Crim. P. 24. This discretion extends to the decision to submit a jury questionnaire to prospective jurors prior to trial. *United States v. Quinones*, 511 F.3d 289, 300 (2d Cir. 2007). Moreover, "[j]ury selection . . . is particularly within the province of the trial judge." *Skilling v. United States*, 561 U.S. 358, 386 (2010). "Trial courts have wide discretion in the procedures they may use to select juries under Rule 24." *United States v. Graves*, 418 F.3d 739, 743 (7th Cir. 2005). *Voir dire* allows the Court and parties to assess the prospective jurors based on a number of factors in addition to the answers to questions themselves, including "the prospective juror's inflection, sincerity, demeanor, candor, body language, and apprehension of duty." *Skilling*, 561 U.S. at 386. A district court's ability to assess prospective jurors based on these factors is one reason for affording the court broad discretion because, "[i]n contrast to the cold transcript received by the appellate court, the in-the-moment *voir dire* affords the trial court a more intimate and immediate basis for assessing a venire member's fitness for jury service." *Id.* at 386–87. An assessment of these factors and the benefits derived therefrom cannot be accomplished by the Government's proposed supplemental jury questionnaire ([Filing No. 326-1](Filing No. 326-1)).

The Court agrees with Posey that under the circumstances here, a supplemental questionnaire is not necessary to ensure selection of a fair and impartial jury, nor will it promote judicial efficiency. Having reviewed the proposed questionnaire, the Court notes that most of the questions are routinely addressed in its comprehensive *voir dire* examination. In addition, the Court will incorporate relevant questions submitted by the parties that are not covered by its standard *voir dire* examination and after the Court completes its *voir dire* examination, counsel are allowed a brief opportunity to question the panel. As argued by Posey, the supplemental jury

questionnaire might lead the prospective juror to assume the trial to be litigated involves issues of unlawful use of force or police brutality; when the case does not. The supplemental jury questionnaire also has the potential to inadvertently invite prospective jurors to conduct preliminary research on this case before the Court has an opportunity to admonish them to avoid any such research, and the proposed questionnaire interjects issues which carry a risk of prejudice to Posey. Accordingly, the Motion is **denied**.

## II. CONCLUSION

Under its broad discretion, for the reasons stated above, the Court **DENIES** the Government's Motion for a Supplemental Jury Questionnaire (Filing No. 326).

**SO ORDERED**.

Date: 5/22/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joshua James Burress
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
joshua.burress@dentons.com

K. Michael Gaerte
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
michael.gaerte@dentons.com

Katherine Gray DeVar
DOJ-Crt
katherine.devar@usdoj.gov

Mary J. Hahn
DOJ-Crt
mary.hahn@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov