UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:20-cr-00094-TWP-TAB-4 |
| COREY POSEY, | ) ) ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION *IN LIMINE* AND
PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY**

This matte is before the Court on Defendant Corey Posey's ("Posey") Motion *in Limine* (Filing No. 342) and Plaintiff United States of America's (the "Government") Motion to Preclude Testimony from Defense Witness Eric Hoffman, from offering expert testimony at trial (Filing No. 338). Posey is charged by Superseding Indictment with Count Three: False Report in violation of 18 U.S.C. § 1519.[1] The final pretrial conference was held on April 18, 2023 and this matter is set for jury trial on Wednesday, June 21, 2023. For the reasons stated below, the Court **grants in part and denies in part** Posey's Motion *in Limine* and **grants** the Government's Motion to Exclude Posey's expert.

I.   FACTUAL BACKGROUND

The Superseding Indictment in this case charges Posey and three current or former Muncie Police Department ("MPD") officers with various civil rights and obstruction offenses stemming

---

[1] Section 1519 provides that
   [w]hoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.
*See* 18 U.S.C. § 1519.

from multiple incidents of excessive force by officers at MPD. One of the men charged in the Superseding Indictment, Officer Chase Winkle ("Winkle") was charged with using unreasonable force against arrestees on five separate occasions, and a second defendant, Officer Jeremy Gibson ("Gibson"), was charged with using unreasonable force and aiding and abetting Winkle during two of those incidents. Winkle, Gibson, and two additional officers—Joseph Krejsa ("Krejsa") and Posey—were all charged with obstructing justice by lying to cover up the excessive use of force by Winkle. To conceal the use of force incident, the other officers, including Posey, allegedly wrote false reports about what took place (Filing No. 64). Winkle, Gibson, and Krejsa have all pled guilty. Winkle admitted at his change of plea hearing that he did, in fact, use unreasonable force, as charged, during all five of the incidents included in the Superseding Indictment.

As outlined in the Superseding Indictment, the charge against Posey alleges that he submitted an untrue 'narrative' to a 'Response to Resistance Form' (the "Report") regarding a use of force incident against a suspect ("L.G.") (Filing No. 64). The incident was captured on officers' body camera videos, which show co-defendant "Winkle's knee drop onto L.G.'s head; L.G.'s immediate cry of agony; his exclamation, "he crushed my whole face!", blood flowing from L.G.'s face; and, after the arrest was complete, Officer Winkle commenting to other officers, including defendant Posey, "I f*cked his face up, when I dropped my knee on his neck. . . . " (Filing No. 338 at 2). According to the Superseding Indictment, Posey's Report,

> (1) implied that, at the start of the incident, L.G. did not comply with officer commands, including commands to put his hands on his head and to get down on the ground; (2) implied that Posey had to force L.G. to get down on his knees; (3) stated that Winkle "placed his knee down on [L.G.]'s shoulder to lay him down on the ground and attempt to gain compliance for handcuffing"; (4) omitted any reference to the fact that Winkle struck L.G.'s head and neck area with his knee; and (5) omitted any reference to the fact that Winkle's use of force caused serious injuries to L.G.

(Filing No. 64 at 3-4.)

2

The Superseding Indictment charges that Posey's Report is false because he was aware,

(1) at the start of the incident, L.G. complied with officer commands, including commands to put his hands on his head and to get down on the ground; (2) Posey did not need to force L.G. to get down on his knees; (3) Defendant Winkle did not "plac[e] his knee down on [L.G.]'s shoulder to lay him down on the ground and attempt to gain compliance for handcuffing;" (4) Winkle struck L.G.'s head and neck area with his knee; and (5) Winkle's use of force caused serious injuries to L.G.

*Id*.

Approximately two months after the Final Pretrial Conference, Posey filed a 'Notice of Expert Witness' identifying Hoffman, the elected prosecutor for Delaware County, Indiana as a witness for the trial. (Filing No. 333). The Government then filed a Motion to exclude Hoffman's testimony. Posey also filed a Motion *in Limine* to exclude certain evidence, and the parties filed their respective responses to the pending Motions (Filing No. 338; Filing No. 342, Filing No. 344; Filing No. 346; Filing No. 347).

## II.     LEGAL STANDARDS

**A.     Motion *in Limine*__

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

B.  **Admissibility of Expert Testimony**

Federal Rule of Evidence 702 and the United States Supreme Court's opinion in *Daubert v. Merrell Dow Pharms., Inc.*, governs the admissibility of expert testimony.  509 U.S. 579 (1993).  Rule 702 charges trial judges with the responsibility of acting as "gatekeeper[s] with respect to testimony proffered under Rule 702 to ensure that the testimony is sufficiently reliable to qualify for admission*." Mihailovich v. Laatsch*, 359 F.3d 892, 918 (7th Cir. 2004).  "The purpose of [the *Daubert*] inquiry is to vet the proposed testimony under Rule 702's requirements that it be 'based on sufficient facts or data,' use 'reliable principles and methods,' and 'reliably appl[y] the principles and methods to the facts of the case.'" *Lapsley v. Xtek, Inc.,* 689 F.3d 802, 804 (7th Cir. 2012) (quoting Fed. R. Evid. 702).

Under the *Daubert* framework, courts use a three-part analysis.  *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010).  "The rubric for evaluating the admissibility of expert evidence considers whether the expert was qualified, whether his methodology was scientifically reliable, and whether the testimony would have assisted the trier of fact in understanding the evidence or in determining the fact in issue." *Hartman v. EBSCO Indus., Inc.*, 758 F.3d 810, 817 (7th Cir. 2014).  The "proponent of the expert bears the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standard" by a preponderance of the evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). The Seventh Circuit has made clear that "[even] a supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are…relevant under the test set forth by the Supreme Court in Daubert." *Id*. (quoting *Clark v. Takata Corp.*, 192 F.3d 750, 759 at n. 5 (7th Cir. 1999). Whether to admit expert testimony rests within the discretion of the district court. *Lapsley*, 689 F.3d at 809.

4

### III.   DISCUSSION

Posey petitioned the Court to issue preliminary rulings regarding the admissibility of certain exhibits in his Motion *in Limine* and the Government asks the Court to preclude Hoffman from offering expert testimony at trial. The Court will address each Motion in turn.

**A.   Posey's Motion *in Limine***

Posey argues that certain exhibits[2] that post-date his Report and that were never reviewed by him prior to writing the Report should be excluded at trial because they are irrelevant and unduly prejudicial (Filing No. 342). The Government contends that Posey's Motion is untimely and without merit (Filing No. 344).

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012) (citing Fed. R. Evid. 401). The Rules "define relevance broadly." *United States v. McKibbins*, 656 F.3d 707, 711 (7th Cir. 2011). A party faces a significant obstacle in arguing that evidence should be barred because it is not relevant, given that the Supreme Court has stated that there is a "low threshold" for establishing that evidence is relevant. *Boros*, 668 F.3d at 908 (citing *Tennard v. Dretke*, 542 U.S. 274, 285 (2004)). "Rule 402 provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" *Boros*, 668 F.3d at 907. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

---

[2] As the Government correctly notes, "the vast majority of the exhibits identified by the Defendant have been on the government's exhibit list since the Final Pretrial Conference on April 18, 2023, and the Defendant has never once objected before now." (Filing No. 344 at 2.) Mr. Posey filed his Motion *in Limine* almost two months after the Final Pretrial Conference and a week before his trial (Filing No. 342).

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403; *Boros*, 668 F.3d at 909.

Posey first objects to the Government offering "[v]ideos[3] taken by other police officers of the arrest of [L.G.] …." (Filing No. 342 at 3.) Second, he argues the Court should exclude "[o]ther government exhibits[4] that post-date the date and time Posey prepared his reports" because they are not relevant to whether Posey "knowingly" prepared a false report. *Id*. at 5. Posey argues the exhibits are irrelevant, prejudicial and may confuse the jury. *Id*. at 6-7. He contends that Government's Exhibit No. 37—Indiana State Police ("ISP") Close Quarter Combat Manual—is irrelevant because "[t]his is not a case about use of force or proper techniques officers should use when suspects resist arrest." *Id*. at 7. Lastly, Posey asks the Court to exclude "[t]estimony from Donald A. McCay and any evidence about the Indiana State Police 74th recruit training Academy that Posey attended in 2014 when he was an [ISP] recruit."[5] *Id*. at 8.

The Government correctly notes that the Court denied a similar request by Posey and his co-defendants with respect to evidence that post-dates his Report and that were never reviewed by him prior to writing the Report:

> Next, the Defendants argue that the Government should be prohibited from showing any evidence that it cannot establish that the Defendants themselves observed or reviewed at the time they reviewed or authored the use of force reports at issue. Additionally, the Government should be prohibited from presenting the evidence that the Defendants did review in a manner that shows the use of force in a way that does not accurately reflect how the Defendants saw the evidence at the time they reviewed the evidence or wrote the reports at issue.
>
> The Government contends the fact the Defendants may not have reviewed some evidence—or may have reviewed certain evidence in a manner that differs from how it will be presented at trial—goes to the weight, not the admissibility of the

---

[3] *See* Government Exhibit Nos. 3, 3A, 4, 4A, 5, 5A, 6, 6A, 8, 8A, 9, and 9A (Filing No. 337).

[4] *See* Government Exhibit Nos. 10, 17, 18, 19, 20, 21, 22, 31, 32, 33, 34, 35, 36, 37, 38, 51, 52. *Id*.

[5] *See* Government Exhibit Nos. 54, 55, 56, 57. *Id*.

6

>evidence, and the Defendants' motion to exclude on such grounds should be denied. These are matters to be addressed by cross-examination and presentation of other evidence, not by exclusion of the evidence. The Government's position is well-taken that the Defendants' argument goes to weight rather than admissibility and can be addressed through cross-examination. Defendants have failed to show that this broad category of evidence clearly is not admissible for any purpose, so this *in limine* request is denied.

(Filing No. 268 at 11.)

The Court acknowledges that this is not a use of force case, however, Posey is charged with concealing a use of force incident by submitting a false Report about the incident (Filing No. 64). Body camera footages from the other officers involved in the use of force incident may provide the jury with a better idea of what actually took place. The Government should however be prepared to explain how the officers' body camera footages differ and are not cumulative. Rule 403 permits a court to exclude evidence to avoid the "*needless* presentation of cumulative evidence." Fed. R. Evid. 403 (emphasis added). Evidence regarding L.G.'s injuries and medical records is relevant to rebut Posey's accounts of the seriousness of L.G.'s injuries resulting from the use of force incident. Moreover, Posey waited almost two months after the Final Pretrial Conference and a week before his jury trial to file this Motion. The Court is convinced that the evidence is not only relevant, but its probative value outweighs any undue prejudice that may arise. Any purported prejudice can be addressed on cross examination of the witnesses. Therefore, the Motion *in Limine* is **denied** as to this issue. If such evidence is offered by the Government at trial, then at that time, Posey may raise specific objections to that evidence.

The Government failed to respond to Posey's argument regarding ISP's Close Quarter Combat Manual, or Government's Exhibit No. 37. In any event, the Court is persuaded that this evidence, unless it directly covers report writing, is irrelevant to the charged offense. Posey correctly notes that "[t]his is not a case about use of force or proper techniques officers should use

when suspects resist arrest." (Filing No. 342 at 7.)  As such, the Court **grants** Posey's Motion *in Limine* on this issue to the extent that ISP's Close Quarter Combat Manual does not cover report writing, it will be excluded.

Lastly, Posey takes issues with the Government offering testimony or evidence related to his report writing training at the ISP (Filing No. 342 at 8-11; Filing No. 346 at 3). The Government contends that "[t]his core training he received from ISP, including at least 24 hours and more than three days of training on report writing, is directly relevant to intent." (Filing No. 344 at 4.)  Posey argues that this training is irrelevant because it was provided four years earlier by a different law enforcement agency (Filing No. 342 at 8-11 and Filing No. 346 at 3).   On the other side of the scale, introducing such evidence could increase the risk of prejudice and confusion.  *Id*.  Evidence related to Posey's ISP training on report writing and whether Posey did not adhere to his training, may be relevant to his intent while writing the Report.  Posey does not argue that his ISP training on report writing differs from MPD's training on report writing nor that ISP's training on report writing fails to comply with local or national standards. Posey is free to argue to the jury that his training at ISP had little applicability and how they differ from MPD's standards. The jury will be provided appropriate instructions about what is required to convict and both parties may present argument concerning evidence of Posey's ISP training when determining his intent.  Accordingly, the Court **denies** Posey's Motion *in Limine* in this regard.

**B.      The Government's Motion to Preclude Hoffman's Testimony**

The Government argues, among other things, that Hoffman's testimony is irrelevant because it will not assist the trier of fact (Filing No. 338 at 1-2).  The Court agrees.

A district court's evaluation of expert testimony under *Daubert* does not "take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley*, 689 F.3d at 805.  Courts

8

have acknowledged that "[u]nless the expertise adds something, the expert is at best offering a gratuitous opinion, and at worst is exerting undue influence…" *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996). "Expert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony." *Aponte v. City of Chicago*, 2011 WL 1838773, at *2 (N.D. Ill. May 12, 2011); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 714 (7th Cir. 2004) (affirming exclusion of an expert's opinion based on a videotape because "the videotape could be played for the jury and entered into evidence, and consequently, jurors could make a determination for themselves.... Based upon this independent assessment.... the jury could then draw [its own] inferences ... and expert testimony would be of no help.").

Here, without a written opinion, Posey asserts that Hoffman will testify about the purpose of various kinds of police reports and whether Posey's Report was sufficient,

> Hoffman will provide factual and/or opinion testimony regarding the purpose and intended usage of "response to resistance", "case reports", "incident reports", "supplemental reports" and/or "probable cause affidavits."
>
> Hoffman has reviewed the case report, as well as the probable cause affidavit, drafted by Corey Posey regarding the arrest of [L.G.] in this matter. Mr. Hoffman will offer opinions about whether the reports, as drafted by Corey Posey, were sufficient for their intended usage by the Delaware County Prosecutor's Office.
>
> Hoffman will also offer testimony about purposes of, and information relayed, in response to resistance reports.

(Filing No. 333 at 2.)

Even if the Court were to find that Hoffman is a qualified expert, his proposed testimony is irrelevant, potentially duplicative of other agreed upon witnesses, and not helpful to the jury. *See Hartman v. EBSCO Industries, Inc.*, 758 F.3d 810, 819 (7th Cir. 2014) (finding that "[e]xpert

9

testimony is inadmissible if it is not helpful to the trier of fact, because it would not have "aid[ed] the jury in resolving a factual dispute.").

Posey also contends that "Hoffman's testimony is both relevant and helpful to the jury, and regardless of whether he is permitted to offer an opinion under Rule 702, his lay testimony is crucial to material issues in this case." (Filing No. 348 at 1). Posey argues,

> [t]he Government has alleged that this report is a "narrative" as part of his Response to Resistance Form. Posey contends this is misleading. He has a right to provide the jury with the appropriate context of what the "narrative" really is. Only Eric Hoffman can provide such evidence.
>
> ….
>
> Posey should be permitted to provide the opinion testimony of Hoffman regarding whether the Case Report at issue was sufficient for his office to determine if there is probable cause to believe a crime occurred, to determine if there is probable cause to believe that LG [sic] committed the crime, and for inclusion as a narrative for a probable cause affidavit to present to the Court to justify LGs [sic] criminal charges.

(Filing No. 347 at 4.)

The purpose of the various kinds of police reports and whether Posey's Report was sufficient to constitute probable cause has no bearing on this case. Regardless of whether Hoffman believes Posey's Report is sufficient, Posey is charged with falsifying his Report, not with writing an insufficient report. Arguably, its purported sufficiency could be called into question by the purportedly false statements within it but, regardless, the sufficiency of Posey's Report does not make its content any less false. Likewise, the Report's intended use or audience has no bearing on whether the contents of the Report were intentionally falsified. Hoffman's testimony will not assist the trier of fact in understanding the evidence or in determining the facts at issue. The jury is more than capable of evaluating the evidence, namely MPD's policies and manuals on writing police reports, and draw its own conclusions without the introduction of Hoffman's proffered testimony.

Moreover, the parties' timely listed witnesses—current and former MPD officers—may be better positioned to testify about the purpose of the various kinds of police reports. Hoffman's expert and/or lay testimony about the purposes of various kinds of police reports and the sufficiency of the Posey's report for its use by the prosecutor's office is excluded.

### IV. CONCLUSION

For the reasons explained above, the Court **GRANTS in part and DENIES in part** Posey's Motion *in Limine* ([Filing No. 342](#)), and **GRANTS** the Government's Motion to Preclude Testimony from Defense Witness Eric Hoffman ([Filing No. 338](#)).

**SO ORDERED.**

Date:  6/16/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov

Katherine Gray DeVar
DOJ-Crt
katherine.devar@usdoj.gov

Mary J. Hahn
DOJ-Crt
mary.hahn@usdoj.gov

K. Michael Gaerte
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
michael.gaerte@dentons.com

J. Richard Kiefer
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
richard.kiefer@dentons.com