UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cr-00094-TWP-TAB-4 |
| | ) | |
| COREY POSEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON THE PARTIES' MOTIONS *IN LIMINE*

This matter is before the Court on Plaintiff United States of America's (the "Government") Motion *in Limine* to preclude arguments aimed at inducing jury nullification (Filing No. 424) and Defendant Corey Posey's ("Posey") Motion *in Limine* to preclude other act evidence ("Other Act Notice") (Filing No. 434). Posey has elected not to respond to the Governments Motion and while the Government has not yet responded to Posey's Motion, its position is set forth in the Government's Notice of Other Act Evidence as to Corey Posey (Filing No. 423). For the reasons stated below, the Court **grants in part and denies in part** the Government's Motion and **grants** Posey's Motion.

### I.   FACTUAL BACKGROUND

As well established, Posey is charged in Count 3 of the Superseding Indictment with writing a false report stemming from a use of force incident against L.G. (Filing No. 64). The incident was captured on officers' body camera videos. *Id*. To conceal this use of force incident, other officers, including Posey, allegedly wrote false reports about what took place. *Id*. The Superseding Indictment charges that Posey's report is false because he was aware,

> (1) at the start of the incident, L.G. complied with officer commands, including commands to put his hands on his head and to get down on the ground; (2) Posey

> did not need to force L.G. to get down on his knees; (3) Defendant Winkle did not "plac[e] his knee down on [L.G.]'s shoulder to lay him down on the ground and attempt to gain compliance for handcuffing"; (4) Winkle struck L.G.'s head and neck area with his knee; and (5) Winkle's use of force caused serious injuries to L.G.

(Filing No. 64 at 3-4.)

Posey's first trial commenced On June 21, 2023 (Filing No. 358). After close of evidence, and the jury had deliberated for approximately two days, the Court was forced to declare a mistrial because the jury could not reach a unanimous decision (Filing No. 370; Filing No. 371; Filing No. 372). A new trial date is set for September 11, 2023, and the parties have now moved to preclude certain arguments and evidence from being introduced during Posey's second trial (Filing No. 383; Filing No. 424; Filing No. 434).

## II. LEGAL STANDARDS

### A. Motion *in Limine*

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

B. **Rules 401, 402, 403**

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012) (*citing* Fed. R. Evid. 401). The Rules "define relevance broadly." *United States v. McKibbins*, 656 F.3d 707, 711 (7th Cir. 2011). A party faces a significant obstacle in arguing that evidence should be barred because it is not relevant, given that the United States Supreme Court has stated that there is a "low threshold" for establishing that evidence is relevant. *Boros*, 668 F.3d at 908 (citing *Tennard v. Dretke*, 542 U.S. 274, 285 (2004)). "Rule 402 provides the corollary that, with certain exceptions, "'[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" *Boros*, 668 F.3d at 907. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403; *Boros*, 668 F.3d at 909.

### III.   DISCUSSION

The Government asks the Court to preclude Posey from introducing evidence or arguments tending to induce jury nullification. It has identified examples of such evidence or argument, including (1) testimony from the current Chief of Police Nathan Sloan of the Muncie Police Department ("MPD") regarding whether he would have to disciplined Posey for writing the false report and arguments regarding whether any such failure by Chief Sloan to discipline Posey should result in the jury finding Posey not guilty; (2) arguments regarding the sufficiency of the Superseding Indictment; and (3) arguments about prosecutorial charging decisions. Posey contends the Court should preclude the Government from introducing other act evidence as

3

outlined it its Other Act (404)(b) Notice as to Posey. The Court will address the parties' arguments in turn.

A. **Government's Jury Nullification Arguments**

Jury nullification occurs when a jury disregards the law and the judge's instructions as to the law and acquits a criminal defendant who is guilty. The Seventh Circuit instructs that "[n]either the court nor counsel should encourage jurors to exercise [nullification] power" and the court may preclude defense attorneys from any attempts to present evidence or argument of nullification. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). The elements necessary to prove a violation of 18 U.S.C. § 1519, Obstruction of Justice (False Report), are as follows: (1) that the defendant knowingly falsified or made a false entry into a record or document; (2) that the defendant acted with the intent to impede, obstruct, or influence an investigation or the proper administration of any matter or contemplated matter; and (3) that the matter was within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States.

The Government first points out that "[d]uring the first trial, the defense elicited testimony from the current Chief of Police, Nathan Sloan, that he would not have personally chosen to discipline Defendant Posey for his false report related to the L.G. incident" and during closing argument, counsel argued "if Chief Sloan wouldn't discipline Corey Posey, this can't be a crime." (Filing No. 424 at 3.) The Government contends this argument by counsel suggested that the Chief Sloan's opinion regarding internal departmental discipline was somehow equivalent to a criminal legal standard, which is clearly inaccurate and misleading and such testimony serves only to induce nullification. The Government thus asks the Court to preclude Posey from eliciting testimony, or making arguments, regarding whether the current Chief Sloan, would or would not elect to discipline the Defendant for his false report regarding the L.G. incident, or equating the lack of

4

departmental discipline to whether a crime was committed." *Id*. The Court agrees with the Government. Whether Chief Sloan would not have disciplined Posey or whether his decision to not discipline Posey should result in finding Posey not guilty of the charged offense has no bearing on whether Posey actually violated 18 U.S.C. § 1519. Such testimony and arguments appears to be an attempt to introduce irrelevant and unrelated acts that impermissibly encourage jury nullification. Therefore, the Court **grants** the Government's Motion in this regard.

Secondly, the Government argues the Court should "preclude the defense from arguing that the Indictment in this case was legally insufficient or legally flawed, which is a question of law for the Court, not a question of fact for the jury." (Filing No. 424 at 3.) In particular, the Government takes issue defense counsels opening statement at the first trial, when Posey's counsel stated that the Government "made a fatal error in the way that they filed this case)." *Id*. at 5. Posey's defense counsel is entitled to this opinion. Defense counsel is merely expressing that he disagrees with how the case was filed. This statement does not imply that the charging document is deficient, and Posey has not, or perhaps cannot, ask the Court to dismiss this case because of any deficiency in his charging documents. The Court **denies** the Government's request in this regard because this statement does not encourage nullification.

Lastly, the Government asks the Court to preclude "the defense … from presenting testimony or argument concerning prosecutorial charging decisions made during the pendency of the investigation of this matter"[1] and "it would similarly be inappropriate for the defense to comment on the government's decisions regarding whom, more broadly, to indict and for what acts." *Id*. at 3, 7. In relevant parts the Government states,

> Based on the defense's initial exhibit lists during the first trial, the government had some concern that the defense may attempt [to] refer to or make arguments about

---

[1] The original Indictment did not charge Posey with any offense, but the Superseding Indictment charged Posey with the offense at issue in this trial (Filing No. 424 at 6).

5

> prosecutorial charging decisions throughout the pendency of this investigation and case. Given that the defense did not raise this issue during the first trial, the government does not anticipate this as a problem during the re-trial, but nevertheless wanted to flag this issue out of an abundance of caution because any such references or argument would be inappropriate.
> ….
>
> Though the government has no specific reason to believe that the defense plans to raise during trial the issue of who was charged and with what offenses, or to argue that other officers were given a pass due to their alleged cooperation with the investigation, the government wanted to flag this issue in an abundance of caution.

*Id.* at 6, 7.

The Court agrees that testimony or argument concerning the Government's considerations and decision regarding whether and when to charge Posey is inappropriate to put before the jury. See *United States v. Mosky*, No. 89 CR 669, 1990 WL 70832, at *1 (N.D. Ill. May 7, 1990) (holding that the defendants were barred from "commenting on the government's decisions about who[m] to prosecute," because "[d]oing so would interfere with the government's wide discretion in this area."); see also *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute ... So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."). Accordingly, the Court **grants** the Government's Motion in this regard.

**B.    Posey's Motion *in Limine*** 

In its notice pursuant to Rule 404(b), (Filing No. 423), the Government gives notice of its intent to offer evidence of acts with which Posey is not charged, in order to prove that Posey acted with the requisite motive, intent, knowledge, absence of mistake, and lack of accident for the charged acts of obstruction. In particular, the Government seeks to present evidence that on February 8, 2018, Officer Winkle assaulted civilian D.H. during an arrest by punching D.H.

6

multiple times despite limited or no resistance from D.H.; Posey was present for the incident which is captured on body camera footage; and Posey issued an alleged false report concerning this incident. The Government also contends,

> During a voluntary interview with the FBI in October 2019, Defendant Posey identified the arrest of D.H. as one of several instances in which he believed Officer Winkle had used excessive force. According to Posey's statement to the FBI, Posey did not think D.H. was resisting and thought the force escalated faster than necessary. However, Posey explained that he did not feel comfortable reporting the D.H. incident – or any of the other incidents during which he observed what he believed to be inappropriate or questionable force by Officer Winkle – because Winkle was the Chief's son, Winkle was grading Posey as his FTO, and Posey was in his probationary year at MPD and could be terminated for any reason.

(Filing No. 423 at 5.)

The Government explains such evidence is being offered to establish Posey's intent,

> Defendant Posey's false or misleading report regarding the D.H. incident provides strong evidence that when he submitted a similar report regarding the L.G. incident—which happened approximately six months after the arrest of D.H., implicated the same officer (Officer Winkle), and similarly omitted Winkle's use of force while over-emphasizing the arrestee's resistance—he did so knowingly and with the intent to impede any investigation into Officer Winkle's excessive use of force. Additionally, his statements about why he never reported the D.H. incident is [sic] also highly relevant to proving his motive to falsify his report to minimize Winkle's involvement in the L.G. incident, i.e., Winkle was in a position to threaten his employment.

*Id*.

Evidence of a defendant's prior bad acts is inadmissible to show propensity to commit a crime. Fed. R. Evid. 404(b)(1). Such evidence is admissible, however, if the evidence is relevant to an issue in question other than the defendant's propensity to commit the charged crime. Fed. R. Evid. 404(b)(2); *e.g., United States v. Baker*, 655 F.3d 677, 681 (7th Cir. 2011). Additionally, the court also considers whether the prior acts are similar enough and close enough in time to be relevant and whether the evidence is sufficient to support a jury finding that the defendant committed the act. *E.g., Baker*, 655 F.3d at 681. Finally, as with all evidence, the danger of unfair

prejudice must not substantially outweigh its probative value. Fed. R. Evid. 403; *see also Baker*, 655 F.3d at 681–82.

Posey argues the Government is seeking to introduce propensity evidence to induce jurors "to accept the forbidden inference that Posey has a propensity for drafting reports which omit use of force information." (Filing No. 434 at 1.) He also argues since no recording was made of his statement and he disputes much of the proffered statement, evidence of falsified a report in connection with the D.H. incident would require the parties to engage in a "mini-trial on issues including whether the [D.H. incident] constituted excessive force and whether they are similar" to the L.G. incident. *Id*. at 6.

The Court agrees with Posey. While such evidence may be relevant and, thus, admissible for the proffered purpose, the probative value of this evidence would be significantly outweighed by the undue prejudice to Posey. *See generally United States v. Gomez*, 763 F.3d at 856, 860 (2014). This propensity nature of this evidence – related to an allegedly false report submitted by Mr. Posey in or around February 2018 – could easily induce jurors to accept the forbidden inference that Mr. Posey has a propensity for drafting reports which omit use of force information. Posey is on trial for writing a false report stemming from a use of force incident, and the Government's evidence purports to show that Posey previously wrote another false or misleading report in connection with another use of force incident. The Government fails to address the prejudicial nature of the evidence beyond summarily stating that a limiting instruction may cure any prejudice. The Court is not persuaded that any limiting instruction regarding the D.H. incident will cure the undue prejudice to Posey. Accordingly, the Court **grants** Posey's Motion *in Limine*.

8

The Court notes however, that if Posey testifies, and denies that he has ever previously written a false report, the proposed evidence might then be relevant and admissible for impeachment purposes.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS in part and DENIES in part** the Government's Motion (Filing No. 424) and **GRANTS** Posey's Motion (Filing No. 434).

**SO ORDERED**.

Date:   8/29/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chelsea Granville Reed
DENTONS BINGHAM GREENEBAUM LLP
chelsea.granvillereed@dentons.com

K. Michael Gaerte
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
michael.gaerte@dentons.com

Katherine Gray DeVar
DOJ-Crt
katherine.devar@usdoj.gov

Mary J. Hahn
DOJ-Crt
mary.hahn@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov